# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------------x

GREAT AMERICAN INSURANCE COMPANY, )

                                     Plaintiff, )

                      -against- )

ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY )
SIMPSON, JARED CHASSEN, WIGGIN AND DANA )
LLP, GRIFFIN LLP, and OFFIT KURMAN PA, )

                       Defendants. )

-----------------------------------------------------------------------------x

Index No.:

Date Filed: June 25, 2024

**SUMMONS**

To the Above-Named Interpleader-Defendants:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your Interpleader-Answer, or, if the Interpleader-Complaint is not served with this summons, to serve a notice of appearance on the Interpleader-Plaintiffs' attorneys within twenty days (20) after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        Interpleader-Plaintiff designates New York County as the place of trial.

        Venue is proper in this county pursuant to C.P.L.R § 503, in that this Interpleader Action is brought in the same venue as the underlying New York County Lawsuit filed under Index Number 158055/2023, which substantially and materially impacts the Limit of Liability of the Asset Management Liability Policy, Policy Number PEPE246619 (the "Policy"), for which the Interpleader-Defendants have alleged adverse claims, and in which a substantial part of the events giving rise to the claim(s) occurred.

        [SIGNATURE BLOACK AND SERVICE ADDRESS NEXT PAGE]

Dated: June 25, 2024

Respectfully submitted,

By: /s/ Edward C. Carleton

Edward C. Carleton, Esq.
Karl J. Fisher, Esq.

SKARZYNSKI MARICK & BLACK, LLP
One Battery Park Plaza – 32nd Floor
New York, New York 10004
Telephone: (212) 820-7750
ecarleton@skarzynski.com
kfisher@skarzynski.com

By: /s/ Scott A. Schechter

Scott A. Schechter, Esq.
Joshua DiLena, Esq.

KAUFMAN BORGEEST & RYAN, LLP
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: (914) 449-1119
jdilena@kbrlaw.com

**Attorneys for Interpleader-Plaintiff**
**Great American Insurance Company**

TO INTERPLEADER-DEFENDANTS:

ARCH REAL ESTATE HOLDINGS LLC
88 University Place, 2nd Floor
New York, NY 10003

JEFFREY SIMPSON
1230 Park Avenue
Apt. 16E
New York, NY 10128

JARED CHASSEN
47 Bridge Street
Apt. 6A
Brooklyn, NY 11201

[Service Addresses Continue to Next Page]

2

WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, NY 10022

GRIFFIN LLP
420 Lexington Avenue, Suite 400
New York, NY 10170

OFFI KURMAN PA
590 Madison Avenue, 6th Floor
New York, NY 10022

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x
GREAT AMERICAN INSURANCE COMPANY,    )
   )
              Plaintiff,    )
   )
        -against-    )
   )
ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY    )
SIMPSON, JARED CHASSEN, WIGGIN AND DANA    )
LLP, GRIFFIN LLP, and OFFIT KURMAN PA,    )
   )
           Defendants.    )
-------------------------------------------------------------------------x

**Index No.:**

**INTERPLEADER
COMPLAINT
PURSUANT TO
STATUTORY
INTERPLEADER CPLR
§ 1006**

Interpleader-Plaintiff, GREAT AMERICAN INSURANCE COMPANY ("GAIC"),

pursuant to C.P.L.R. § 1006 through its attorneys, Skarzynski, Marick & Black LLP, by way of

Interpleader Complaint against the Interpleader-Defendants, ARCH REAL ESTATE

HOLDINGS, LLC ("Arch"), JEFFREY SIMPSON ("Simpson"), JARED CHASSEN

("Chassen"), WIGGIN AND DANA LLP ("Wiggin"), GRIFFIN LLP ("Griffin"), and OFFIT

KURMAN PA ("Offit"), allege as follows:

## I.    <u>NATURE OF THE ACTION</u>

1.    This is an Interpleader-Action brought pursuant to C.P.L.R. § 1006 against the

above captioned Interpleader Defendants.

2.    GAIC is the insurer of Interpleader-Defendant Arch, and its directors and officers,

as defined by and pursuant to the terms and conditions of an Asset Management Liability Policy,

Policy Number PEPE246619 (the "Policy"). The Policy contains an aggregate limit of liability of

$ 3 million. The Policy is annexed hereto as **Exhibit A**.

3.    Interpleader-Defendants Simpson and Chassen have sought, and Simpson has been extended, coverage under the Policy as **Insureds**.[1] The **Insureds** are currently engaged in a lawsuit in New York County Supreme Court filed under Index No.158055/2023) ("The New York County Lawsuit"); the lawsuit concerns the corporate dissolution of Arch and the pleadings filed by Simpson and Chassen in the Lawsuit are annexed hereto as **Exhibit B**.

4.    Interpleader-Defendant Griffin was retained as counsel to JJ Arch LLC, a member in interest of the **Insured** (Arch), and debtor in the pending Chapter 11 Bankruptcy filed in the Southern District of New York filed under 1:24-BK-10381 (referred to herein as the "SDNY Bankruptcy"). The initial Chapter 11 filing by Griffin in the SDNY Bankruptcy matter is annexed hereto as **Exhibit C**. As a result, Griffin has incurred fees that are potentially covered under the Policy.

5.    Interpleader-Defendant Wiggin was retained as counsel to JJ Arch LLC, a member in interest of the **Insured** (Arch), and debtor in the pending Chapter 11 SDNY Bankruptcy; Wiggin is also counsel to JJ Arch LLC in an adversarial proceeding stemming from the SDNY Bankruptcy; the adversarial proceeding was commenced under Index No. 1:24-AP-01335 (referred to herein as the "adversarial proceeding"). The Appearances by Wiggin in the SDNY Bankruptcy matter and the adversarial proceeding are annexed collectively hereto as **Exhibit D**. As a result, Wiggin has incurred fees that are potentially covered under the Policy.

6.    Interpleader-Defendant Offit is counsel to interested party Simpson, who is also a member of JJ Arch LLC, the debtor in the pending Chapter 11 SDNY Bankruptcy. The Notice of

---

[1] Unless otherwise specified, capitalized and bolded terms used in this Interpleader Action have the same meaning that is ascribed to them in the Policy, **Exhibit A**.

Appearance by Offit in the SDNY Bankruptcy matter is annexed hereto as **Exhibit E**. As a result, Offit has incurred fees that are potentially covered under the Policy.

7. As discussed in detail below, GAIC faces competing demands from at least two **Insureds** (Simpson and Chassen), each seeking coverage for the Policy's remaining available **Limit of Liability**. At the time of this filing, factoring in **Costs of Defense** advanced on behalf of Simpson, the remaining limit of liability is $2,105,999.29.

8. As an offer of compromise, GAIC offered to divide the remaining policy proceeds equally between Simpson and Chassen. Simpson rejected the proposal unequivocally and has threatened to sue GAIC if GAIC advances any **Costs of Defense** incurred on Chassen's behalf.

9. Upon information and belief, Simpson's and Chassen's claims for **Costs of Defense**, along with any anticipated indemnity payments made to resolve the Lawsuit, as well as claims made by the additional Interpleader-Defendants (Griffin, Wiggin, Offit) will exceed the remaining Policy proceeds.

10. GAIC has initiated this Interpleader Action to resolve multiple and competing demands to the proceeds of the Policy by the Interpleader-Defendants, which may expose GAIC to liability. GAIC seeks relief from liability as an uninterested stakeholder by depositing the remaining sum of the policy to the Court, which can then be distributed pursuant to the Court's equitable findings and determinations for the claimants.

II. **JURISDICTION AND VENUE**

11. This Court has jurisdiction over this controversy under C.P.L.R §§ 301, 302, and 1006. This is a New York State civil statutory interpleader action, involving the Policy, and is raised due to multiple claims on the Policy by Interpleader-Defendants whose residence and/or principal place of business is in the State of New York.

3

12. Venue is proper in this county pursuant to C.P.L.R § 503, in that this Interpleader-Action is brought in the same venue as the underlying New York County Lawsuit, and in which a substantial part of the events giving rise to the claim occurred.

13. Pursuant to C.P.L.R § 1006, this Court may issue its process for all claimants to the Policy and enter an Order restraining Interpleader-Defendants from instituting or prosecuting any proceeding in any State or United States Court affecting GAIC's obligations under the Policy.

## III. **PARTIES**

14. Interpleader-Plaintiff, GREAT AMERICAN INSURANCE COMPANY, is an insurance corporation existing under the laws of the State of Ohio and with its principal place of business in the State of Ohio. GAIC issued the Policy in the State of New York.

15. Interpleader-Defendant, ARCH REAL ESTATE HOLDINGS LLC, is an **Insured** under the Policy and upon information and belief has its principal place of business in the State of New York.

16. Interpleader-Defendant, JEFFREY SIMPSON, is an **Insured Person** under the Policy, subject to GAIC's reservation of rights, and upon information and belief is a citizen of the State of New York.

17. Interpleader-Defendant, JARED CHASSEN, is an **Insured Person** under the Policy, subject to GAIC's reservation of rights, and upon information and belief is a citizen of the State of New York.

18. Interpleader-Defendant, WIGGIN AND DANA LLP, on information and belief may be entitled to the Policy proceeds in connection with its representation of an interested

4

member of the **Insured**; it is a limited liability partnership with its principal place of business in the State of New York.

19. Interpleader-Defendant, GRIFFIN LLP, on information and belief may be entitled to the Policy proceeds in connection with its representation of an interested member of the **Insured**; it is a limited liability partnership with its principal place of business in the State of New York.

20. Interpleader-Defendant, OFFIT KURMAN PA, on information and belief may be entitled to the Policy Proceeds in connection with its representation of Simpson; it is a professional association with its principal place of business in the State of New York.

## IV.   **THE POLICY**

21. The Policy Period runs from April 18, 2023, to April 18, 2024. The Policy provides a $3 million aggregate Limit of Liability.  A true and correct copy of the Policy is attached to this Complaint as **Exhibit A**.

22. Subject to its complete terms and conditions, the Policy provides specified coverage to **Insureds** for **Loss** (including **Cost of Defense** expenses) resulting from **Claims** first made during the **Policy Period** for **Wrongful Acts**.  See **Exhibit A**, Section I(A)-(C) Insuring Agreements.

23. Section V of the Policy's General Terms and Conditions states, "The **Insurer** shall be liable to pay one hundred (100%) of Loss in excess of the applicable **Retention** amount . . . **Costs of Defense** shall be part of, and not in addition to, the Limit of Liability . . . and such **Costs of Defense** shall reduce the Limit of Liability . . . The **Insurer's** liability for all **Loss** shall be the amount shown in item 3 of the Declarations [$3 million] *which shall be the maximum aggregate Limit of Liability of the Insurer for the* **Policy Period**." (emphasis added).

5

24. Section VII(C) of the Policy's General Terms and Conditions states, "[t]he **Insurer** shall advance on behalf of the **Insureds**, excess of any applicable **Retention**, covered **Costs of Defense** which the **Insureds** have incurred in connection with covered **Claims** . . . Any amounts advanced by the **Insurer** shall serve to reduce the **Limit of Liability** stated in Item 3 [$3 million]."

25. Section VII(E)((4) of the Policy's General Terms and Conditions states, "[t]he exhaustion of the **Limit of Liability** by the payment of **Loss**, and the resulting end of the **Insurer's** duty to pay on behalf of the **Insureds,** will not be affected by the **Insurer's** failure to comply with and of the provisions of this Policy."

26. Therefore, when GAIC has paid $3 million in **Loss**, it shall have no further obligations under the Policy to pay any further **Cost of Defense** expenses or indemnify any **Insured**.

27. The Policy defines **Loss**, as "compensatory damages, settlements, pre-judgment interest, post-judgment interest and **Cost of Defense** . . .." See Definition Section III(N) of the Policy.

28. The Policy defines **Cost of Defense**, as "reasonable and necessary legal fees, costs and expenses incurred in the investigation, defense or appeal of any **Claim** . . .." See Definition Section III(B) of the Policy.

29. The Policy defines **Wrongful Act**, as "any actual or alleged **Employment Practices Wrongful Act** or any actual or alleged error, misstatement, misleading statement, act, omission, neglect or breach of duty, or any actual or alleged error or omission in the rendering of or the failure to render **Professional Services:** (1) by the **Insured Persons**, in their capacity as such; (2) with respect to Insuring Agreement (B)(2), by the **Insured Organization**; or (3) with

6

respect to Insuring Agreement (C), by the **Insured Persons** while serving in an **Outside Position**." <u>See</u> Definition Section III(Z) of the Policy.

30.     Lastly, The Policy states under Section IX(B), "insolvency or bankruptcy of the **Insureds** . . . shall not release the **Insurer** from the payment of . . . **Loss** or **Costs of Defense** occasioned during the life of and within the coverage of this Policy."

V.     **THE NOTICED MATTERS**

31.     The Interpleader-Defendants have provided notice of three related matters for coverage under the Policy, which collectively stem from the corporate dissolution of the **Insured** (Arch) and the claims and cross claims between Simpson and Chassen. The three related matters are:

> i.   New York County Lawsuit with claims and cross claims by **Insureds**, subject to GAIC's reservation of rights, filed under Index No. 158055/2023, filed on August 15, 2023, (annexed as **Exhibit B**);
>
> ii.  Chapter 11 SDNY Bankruptcy filed by a member in interest (JJ Arch LLC) of the **Insured** company (Arch) under Index No. 1:24-BK-10381, filed on March 7, 2024 (annexed as **Exhibit C**);
>
> iii. Chapter 11 SDNY Bankruptcy Adversary Proceeding filed by Simpson, a member in interest of the debtor JJ Arch LLC, seeking to remove the matter to New York County Supreme Court under Index No 1:24-AP-01335, filed on April 3, 2024 (annexed as **Exhibit D**).  (the New York County Lawsuit, the Bankruptcy and Adversary Proceeding are referred to collectively as the "Noticed Matters").

32.     The Interpleader-Defendants, Simpson and Chassen, have sought and continue to seek from GAIC advancement of **Loss**, including **Cost of Defense** expenses, in connection with the Noticed Matters. It is anticipated that Interpleader-Defendants Wiggin, Griffin, and Offit will demand from GAIC advancement of Loss in connection with fees on behalf of the **Insured**'s connection with the Bankruptcy and Adversary Proceeding.

33.     As of the date of the filing of this declaratory judgment action, GAIC has advanced $894,000.71 in **Costs of Defense** incurred by Simpson connection with the Noticed Matters.

34.     Chassen has requested, and GAIC has acknowledged partial coverage for Chassen in connection with **Costs of Defense** Chassen has incurred in connection with the Noticed Matters.   Upon information and belief, Chassen's **Costs of Defense** total at least $500,000.00.

35.      In light of the payments already made on Simpson's behalf, $2,105,999.29 remains of the Policy's Limit of Liability.

## VI.     **CURRENT LAWSUIT AGAINST GAIC**

36.     On June 7, 2024, GAIC was named as a defendant in an action brought by Arch Real Estate Holdings, LLC ("Arch"), filed in New York County Supreme Court under Index No. 652914/2024; Plaintiff alleges that GAIC is wrongfully misappropriating the Policy proceeds in connection with the SDNY Bankruptcy matter and adversarial proceeding. Arch seeks a Judgment and Order stating, *inter alia*, that GAIC extended coverage related to these matters does not erode the Policy Limit, breach of the Policy contract, as well as damages. The Summons and Complaint are annexed hereto as **Exhibit F**.

## VII.    **JEFFREY SIMPSON'S DEMAND**

37.     In the New York County Lawsuit, Simpson alleges that Chassen illegitimately sought to remove him as the managing member of Arch Real Estate Holdings (**the Insured**). Simpson's claims include breach of contract related to the Arch Operating Agreement; breach of fiduciary duty; conversion; tortious interference with contractual relations; and he demands money damages in an amount to be determined at trial.

8

38.     As noted above, GAIC has acknowledged coverage for, and Simpson has incurred at least $894,000.71 in **Costs of Defense** in connection with the Noticed Matters. Simpson has demanded that GAIC continue to advance **Costs of Defense** on his behalf, and has insisted that no **Costs of Defense** payments be made on behalf of Chassen.

## VIII.    JARED CHASSEN'S DEMAND

39.     In the New York County Lawsuit, Chassen asserted cross claims alleging¸ *inter alia*, that Simpson's business missteps led to his forced resignation under the Arch Operating Agreement, and that he breached his fiduciary duty as a member of Arch; that the Arch operating agreement is void; and he seeks compensatory and equitable relief.

40.     Chassen seeks coverage for at least $500,000 in **Costs of Defense** incurred in connection with the Noticed Matters, and has demanded that GAIC continue to advance Chassen's going-forward **Costs of Defense**. GAIC has acknowledged partial coverage for Chassen under the Policy.

## IX.    ADDITIONAL CLAIMS TO THE POLICY PROCEEDS

41.     GAIC anticipates that Simpson will seek to enjoin GAIC from advancing any **Costs of Defense** on behalf of Chassen, and that Chassen will in turn sue GAIC in order to obtain coverage if GAIC does not advance on behalf of Chassen.

42.     Upon information and belief, one or more Interpleader-Defendants Wiggin, Griffin, and Offit, which provided attorney's services to JJ Arch LLC, a member in interest of the **Insured** (Arch), in relation to its Chapter 11 Bankruptcy filing and adversarial proceeding, may be entitled to recover incurred costs and fees that are potentially covered under the Policy.

9

43.     GAIC anticipates receiving a claim for compensation by the Interpleader-Defendants, Wiggin, Griffin, and Offit, for **Costs of Defense** incurred on Simpson's and/or JJ Arch's behalf.

## X.     <u>NEED FOR INTERPLEADER</u>

44.     As set forth above, GAIC is subject to inconsistent obligations with respect to the remaining Policy limits. Further, GAIC is the subject of a pending lawsuit brought by Arch for its extended coverage (<u>see</u> **Exhibit F**).

45.     The claims for the remaining Policy proceeds will be exhausted by the **Cost of Defense** incurred by Simpson and Chassen.  GAIC cannot pay continued **Cost of Defense** expenses to both Simpson and Chassen without being exposed to additional lawsuits alleging that it favors the rights of one Insured Interpleader-Defendant over the rights of another Insured Interpleader-Defendant.

46.     Likewise, GAIC cannot refuse to pay either Simpson's or Chassen's continued **Cost of Defense** without exposing GAIC to yet another lawsuit that it favors the rights of one Insured Interpleader-Defendant over the rights of another Insured Interpleader-Defendant.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Statutory Interpleader Against All Interpleader-Defendants pursuant to C.P.L.R. § 1006)**

47.     GAIC incorporates by reference all of the preceding paragraphs of this complaint as if fully set forth herein.

48.     GAIC is a disinterested stakeholder in the Policy.

10

49. GAIC faces conflicting adverse claims with respect to the Policy's proceeds thereby exposing GAIC to multiple litigations and liability, absent resolution of all such issues in one proceeding.

50. GAIC has available and is prepared to deposit the remaining policy proceeds with the Court, which is the Policy's remaining Limit of Liability.

51. It is just and equitable that the Court declare the rights and legal obligations of the Parties to this lawsuit.

## SECOND CLAIM FOR RELIEF
**(Preliminary Injunction and Temporary Restraining Order pursuant to C.P.L.R. § 6301)**

52. GAIC incorporates by reference all of the preceding paragraphs of this complaint as if fully set forth herein.

53. Arch Real Estate Holdings LLC commenced a lawsuit against Great American Insurance Company in New York County Supreme Court under Index No. 652914/2024; Plaintiff alleges that GAIC is wrongfully misappropriating the Policy proceeds in connection with the SDNY Bankruptcy matter and adversarial proceeding.

54. As a result of this lawsuit, as well as other potential lawsuits by adverse claimants named herein, GAIC will suffer imminent and irreparable harm defending itself against this lawsuit; further, based on the circumstances alleged in this Interpleader-Complaint, GAIC can establish a probable chance of success on the merits of this Interpleader Complaint brought pursuant to C.P.L.R. § 1006; lastly, the balance of equities is in GAIC's favor because it has committed to depositing the remaining policy proceeds with the Court until the priority of the adverse claimants are established.

55.     Thus, it is just and equitable to enjoin Arch Real Estate Holdings LLC from proceeding in its prosecution of the lawsuit styled as Arch Real Estate Holdings LLC against Great American Insurance Company, New York County Supreme Court (Index No. 652914/2024); and also issuing a temporary restraining order enjoining all other named Interpleader-Defendants from commencing a lawsuit against GAIC with respect to the Policy proceeds.

**WHEREFORE**, Interpleader-Plaintiff, GAIC, respectfully requests that this Court enter judgment as follows:

(1)  permitting and directing GAIC to deposit the sum of $2,105,999.29 into the Registry of this Court, in full satisfaction of its obligations under the Policy;

(2)  entering an Order requiring the Interpleader-Defendants to interplead their rights to the proceeds of the Policy; and discharging GAIC from any and all liability to Interpleader-Defendants and any and all current or future claims and/or obligations relating to the Policy;

(3)  entering, pursuant to C.P.L.R. § 1006 and this Court's inherent equitable powers, a preliminary injunction during the pendency of this Interpleader Action, and thereafter permanently and perpetually enjoin each and every Interpleader-Defendant from instituting or prosecuting any action or proceeding against GAIC with respect to or arising out of the Policy in dispute in any state or federal court or other forum;

(4)  granting any other relief necessary to effectuate the purposes of interpleader;

(5)  Issuing an Order and Judgment enjoining the current lawsuit filed under Index No. 652914/2024 and enjoining the named co-defendants/adverse claimants from bringing a lawsuit again GAIC regarding the Policy proceeds;

12

(6)   granting such other and further relief as this Court deems just and

appropriate.

Dated:   June 25, 2024
New York, New York


Respectfully submitted,

By: __/s/ Edward C. Carleton__
Edward C. Carleton, Esq.
Karl J. Fisher, Esq.

SKARZYNSKI BLACK, LLP
One Battery Park Plaza – 32nd Floor
New York, New York 10004
Telephone: (212) 820-7750
ecarleton@skarzynski.com
kfisher@skarzynski.com


By: __/s/Scott A. Schechter__
Scott A. Schechter, Esq.
Joshua DiLena, Esq.

KAUFMAN BORGEEST & RYAN, LLP
200 Summit Lake Drive
Valhalla, New York 10595
Telephone: (914) 449-1119
sschechter@kbrlaw.com
jdilena@kbrlaw.com

**Attorneys for Interpleader-Plaintiff**
**Great American Insurance Company**

4888-9195-5654, v. 2

13