# OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

May 12, 2026

**BY ECF**
Hon. Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 623
New York, New York 10004-1408

> Re:    *Great American v. Arch Real Estate Holdings LLC et al,* **No. 26-01015 (LGB)**
> **(Bankr. S.D.N.Y.): Proposed Findings on Remand Motion**

Dear Judge Beckerman:

Olshan Frome Wolosky LLP is counsel to Arch Real Estate Holdings LLC ("AREH") a defendant in the above referenced adversary proceeding. I write in connection with AREH's and Jared Chassen's ("Mr. Chassen" and together with AREH, the "Movants") remand motion filed at ECF Nos. 7, 9, & 13.

In the wake of this Court's direction at the April 30 hearing, Movants respectfully request that the Court enter the proposed findings attached as **Exhibit A** hereto (the "Proposed Findings").[1] We understand that counsel for the Debtor intends to submit competing proposed findings.

On May 5, AREH submitted proposed findings to all parties. A copy of those draft findings as originally circulated are attached as **Exhibit B hereto**. Yesterday morning, counsel for the Debtor responded with a mark-up counterproposal, which mark-up is attached as **Exhibit C** hereto. Yesterday afternoon, AREH circulated a redline mark-up to the Debtor's, which is attached as **Exhibit D** hereto.[2]

The Proposed Findings accept in principle the concepts that we believe Debtor's counsel was trying to convey: (i) that the existence of the Independent Claims was one reason (but not the sole reason) that this Court found the adversary proceeding not to be core; and (ii) the preservation of rights of all parties concerning any estate cause of action that might be brought concerning the insurance proceeds.

Movants accepted the Debtor's language as to the first point, but as to the second point, we thought the language as proposed was problematic in two respects. First, the language was lopsided in expressly preserving the Debtor's rights but not the Movants. Second, the language potentially

---

[1] This Court directed the submission of an order, however Movants respectfully submit that an order of remand is a final order and, given this Court's findings on the record that the adversary proceeding is not core, 28 U.S.C. § 157(c)(1) applies. No party has contested this.
[2] Exhibit A is the clean version of that mark-up.

waived the right of the parties to argue that any issue would be precluded. In our view, this finding would be inappropriate as *whether any of this Court's findings at the hearing on the remand motion would result in preclusion has not been addressed by the Court and as such, such a finding would be premature.*

We believe that Movants' Proposed Findings adequately address any of the Debtor's legitimate concerns, while appropriately preserving undecided rights for all parties.

Respectfully submitted,

/s/ Jonathan T. Koevary
Jonathan T. Koevary

13244963-1