# Exhibit B

*May 5 Draft Proposal*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>        Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| GREAT AMERICAN TITLE INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>    - against -<br><br>ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY SIMPSON, JARED CHASSEN, WIGGIN AND DANA LLP, GRIFFIN LLP, and OFFIT KURMAN PA.,<br><br>        Defendants. | Adversary No. 26-01015 (LGB)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING ARCH REAL ESTATE HOLDINGS LLC'S AND JARED CHASSEN'S JOINT MOTION TO REMAND BASED ON LACK OF JURISDICTION OR, IN THE ALTERNATIVE, PRINCIPLES OF ABSTENTION OR <u>EQUITY</u>** |

Upon the motion of Arch Real Estate Holdings LLC ("<u>AREH</u>") and Jared Chassen ("<u>Chassen</u>" and together with AREH, "<u>Movants</u>") to remand the above captioned adversary proceeding (the "<u>State Court Action</u>") based on lack of jurisdiction, in the alternative, principles of abstention or equity [ECF Nos. 7, 9] (as supplemented by that certain correction and supplement of the Movants dated April 7, 2026 [ECF No. 13], the "<u>Motion</u>") and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, subject to the restrictions of 28 U.S.C. § 157(c)(1)

13253239-3

concerning entry of a final order of a non-core proceeding[1]; and the State Court Action having been adjudicated by this Court as not being core; and AREH having timely filed a statement of non-consent of this Court's entry of final orders or judgments; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances and in accordance with the Federal Rules of Bankruptcy Procedure, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on April 30, 2026 (the "Hearing"); and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the findings and conclusions stated herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **THE COURT SUBMITS THE FOLLOWING**:

1. This Court only has "related to" jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b).

2. The State Court Action is a "non-core" proceeding withing the meaning of 28 U.S.C. 157(b).

3. The Commercial Division of the Supreme Court of the State of New York (the "Commercial Division") can "timely adjudicate" the State Court Action.

4. Based upon the foregoing and for the reasons stated on the record of the Hearing, abstention is mandated under 28 U.S.C. § 1334(c)(2).

---

[1] As discussed during the Hearing, this adversary proceeding is not a "core" proceeding within the meaning of 11 U.S.C. § 157(b)(1). Accordingly, and because order of remand is a final order , the Court hereby submits the instant "proposed findings of fact and conclusions of law" with respect to the Motion to the United States District Court for the Southern District of New York (the "District Court") pursuant to 11 U.S.C. § 157(c)(1).

13253239-3

5. Remand of the State Court Action to the Commercial Division Supreme Court is appropriate and absent timely objection by any party seeking District Court review of this Court's findings of fact and conclusions of law as stated by the Court on the record at the Hearing in accordance with Federal Rule of Bankruptcy Procedure 9033, remand of the State Court Action shall be effective without further Order of this Court on the first business day after the time to file under Bankruptcy Rule 9033 expires, at which time (and for the avoidance of doubt, absent the filing of a timely objection) the Clerk of the Court is hereby directed to remand the State Court Action to the Commercial Division

6. Notwithstanding remand finding set forth herein, the automatic stay existing by virtue of 11 U.S.C. § 362(a) remains applicable to the State Court Action and any party seeking to proceed in the State Court Action shall first seek an order lifting or modifying the automatic stay from this Court.

Dated: New York, New York
　　　　May＿＿, 2026

_____
UNITED STATES BANKRUPTCY JUDGE

3

13253239-3