**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JEFFREY SOLOMON SIMPSON,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 26-10359 (LGB) |
| GREAT AMERICAN TITLE INSURANCE COMPANY,<br><br>                    Plaintiffs,<br><br>- against -<br><br>ARCH REAL ESTATE HOLDINGS, LLC, JEFFREY SIMPSON, JARED CHASSEN, WIGGIN AND DANA LLP, GRIFFIN LLP, and OFFIT KURMAN PA.,<br><br>                    Defendants. | Adversary No. 26-01015 (LGB)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING ARCH REAL ESTATE HOLDINGS LLC'S AND JARED CHASSEN'S JOINT MOTION TO REMAND BASED ON LACK OF JURISDICTION OR, IN THE ALTERNATIVE, PRINCIPLES OF ABSTENTION OR <u>EQUITY</u>** |

Upon the motion of Arch Real Estate Holdings LLC ("<u>AREH</u>") and Jared Chassen ("<u>Chassen</u>" and together with AREH, "<u>Movants</u>") to remand the above captioned adversary proceeding (the "<u>State Court Action</u>") based on lack of jurisdiction, in the alternative, principles of abstention or equity [ECF Nos. 7, 9] (as supplemented by that certain correction and supplement of the Movants dated April 7, 2026 [ECF No. 13], the "<u>Motion</u>"); and upon the opposition to the Motion filed by defendant Jeffrey Simpson, the above-captioned debtor (the "<u>Debtor</u>"), consisting of a memorandum of law [ECF No. 19] and a declaration of Alec P. Ostrow [ECF No. 20]; and upon the reply in further support of the Motion [ECF No. 21], and the declaration of Jonathan T. Koevary [ECF No. 22]; and the Court having found that it has

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, subject to the restrictions of 28 U.S.C. § 157(c)(1) concerning entry of a final order of a non-core proceeding[1]; and the State Court Action having been adjudicated by this Court as not being core; and AREH having timely filed a statement of non-consent of this Court's entry of final orders or judgments; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances and in accordance with the Federal Rules of Bankruptcy Procedure, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on April 30, 2026 (the "Hearing"); and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having read a ruling (the "Ruling") into the record of the Hearing; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **THE COURT SUBMITS THE FOLLOWING**:

1.      The Ruling is incorporated herein.

2.      This Court only has "related to" jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(b), for the reasons stated in the Ruling.

3.      The State Court Action is a "non-core" proceeding withing the meaning of 28 U.S.C. §157(b), for the reasons stated in the Ruling, including, without limitation, that none of the pleadings in the State Court Action assert claims arising under title 11 of the United States Code (the "Bankruptcy Code"), and the State Court Action

---

[1] As discussed during the Hearing, this adversary proceeding is not a "core" proceeding within the meaning of 11 U.S.C. § 157(b)(1). Accordingly, and because an order of remand is a final order , the Court hereby submits the instant "proposed findings of fact and conclusions of law" with respect to the Motion to the United States District Court for the Southern District of New York (the "District Court") pursuant to 11 U.S.C. § 157(c)(1).

consolidated into the interpleader action commenced by the Plaintiff a separate action against the Plaintiff commenced by AREH, as to which the estate of the Debtor has no interest.

4. The Commercial Division of the Supreme Court of the State of New York (the "Commercial Division") can "timely adjudicate" the State Court Action, for the reasons stated in the Ruling.

5. Based upon the foregoing and for the reasons stated in the Ruling, abstention is mandated under 28 U.S.C. § 1334(c)(2).

6. The Ruling is without prejudice to (i) any right the Debtor may have to bring an adversary proceeding in this Court under the Bankruptcy Code asserting claims against, or seeking turnover of, the insurance proceeds that are the subject of the interpleader action in the State Court Action; and (ii) any party's defenses and procedural objections to such an adversary proceeding and its underlying claims.

7. For the reasons stated in the Ruling, remand of the State Court Action to the Commercial Division Supreme Court is appropriate and absent timely objection by any party seeking District Court review of this Court's findings of fact and conclusions of law as stated by the Court on the record at the Hearing in accordance with Federal Rule of Bankruptcy Procedure 9033, remand of the State Court Action shall be effective without further Order of this Court on the first business day after the time to file under Bankruptcy Rule 9033 expires, at which time (and for the avoidance of doubt, absent the filing of a timely objection) the Clerk of the Court is hereby directed to remand the State Court Action to the Commercial Division.

8.      Notwithstanding remand finding set forth herein, the automatic stay existing by virtue of 11 U.S.C. § 362(a) remains applicable to the State Court Action and any party seeking to proceed in the State Court Action shall first seek an order lifting or modifying the automatic stay from this Court.

Dated: New York, New York
       May 14, 2026

                                        */s/ Lisa G. Beckerman*
                                        HONORABLE LISA G. BECKERMAN
                                        UNITED STATES BANKRUPTCY JUDGE